## TOBE RUCKER v. THE STATE.

1. CRIMINAL LAW.  *Sunday.  Playing cards and dice; no offence.*
   An indictment alleging that the defendant, "did unlawfully play at cards and dice on Sunday," charges no offence.

2. SAME.  *Private games.  Code* 1880, § 2951.
   Such charge is not one of gaming.  Nor is it embraced in § 2951, code 1880, which forbids any one to " show forth, exhibit . . . . or cause to be represented or performed, any interludes, farces, or plays, . . . . or any games, tricks, juggling, . . . . or any such show or exhibition whatever, on Sunday."  The word games as here used applies to such sports or contests as are publicly exhibited, and not to private diversions.

FROM the circuit court of the first district of Chichasaw county. HON. LOCK E. HOUSTON, Judge.

The indictment in this case alleges that the appellant, "did unlawfully play at cards and dice on Sunday."  A motion to quash the indictment on the ground that it charged no offense was overruled.  The defendant was tried and convicted, and a motion to set aside the verdict was overruled.  The evidence is not set out in the record.

*W. G. Orr*, for appellant.

Is it a crime for boys to play marbles, or for girls to play at "graces," or for gentlemen to play chess on Sunday?  It is morally wrong to play at any game on the Sabbath, but not a violation of any statute.  If the act complained of had been an offense at common law, the doing of such act on Sunday would be a crime; but this was never an offense at common law.

This case is *sui juris*.  There are no precedents, because this is the first time in the history of our jurisprudence that such an error as is here complained of was ever presented to an appellate court.

It will not be contended that the indictment is good as charging gaming under § 2844 of the code.  Nor is the case within § 2951. Although the words "*games*" is used in that section in connection with plays, interludes, juggling, etc., the term is to be restricted to games of like character with those specifically enumerated.

Besides the games which are prohibited are those which are "shown forth, acted or represented." If playing cards is prohibited by this statute, then a game of marbles is a "show or exhibition."

*T. M. Miller*, attorney-general, for the state.

Not being prepared to maintain that it is a criminal offense to play a game of cards for amusement on the Sabbath, this cause is respectfully submitted to the superior wisdom of the court.

Woods, C. J., delivered the opinion of the court.

Tobe Rucker was indicted, convicted and sentenced for unlawfully playing at cards or dice on Sunday. The charge is not one of gaming. Nor is it embraced in the definition of offenses denounced in § 2951, code of 1880, in our opinion. That section, by its terms, is confined to "farces or plays of any kind, or any games, tricks, juggling, sleight of hand, or feats of dexterity, agility of body, or any bear baiting, or any bull baiting, horse racing, cock fighting, or any such like show or exhibition, etc." While the word "games" is used, it is manifest from the entire section that it was intended to apply to such sports or contests as are exhibited as spectacles to the people, and not to such private diversions as card playing, chess playing and the like.

*The judgment of the court below is reversed, the indictment quashed, and the defendant discharged.*